## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00290-COA

**MICHAEL HENDERSON**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

DATE OF JUDGMENT:               01/24/2018
TRIAL JUDGE:                    HON. LEE SORRELS COLEMAN
COURT FROM WHICH APPEALED:      OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         OFFICE OF STATE PUBLIC DEFENDER
                                BY: MOLLIE MARIE McMILLIN
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: KAYLYN HAVRILLA McCLINTON
DISTRICT ATTORNEY:              SCOTT WINSTON COLOM
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 05/07/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., TINDELL AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     Michael Henderson was convicted of possession of contraband—a homemade knife

or "shank"—while confined in a correctional facility.  He was sentenced as a non-violent

habitual offender to serve fifteen years in the custody of the Mississippi Department of

Corrections, without eligibility for early release.  Finding no arguable issues for appeal,

Henderson's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743

(Miss. 2005).  Henderson was given additional time to file a supplemental brief but did not.

### FACTS

¶2.     Jennifer Jones, a corrections officer at the Oktibbeha County Jail, testified that she was

preparing to move Henderson to a new cell when she and another officer, John Rice, discovered a shank in Henderson's cell. Officer Rice testified that he asked Henderson if he had any contraband in his cell. Henderson responded by pulling a shank from underneath his mat and handing it to Rice. The shank was wrapped in a bundle of socks and was made from a sharpened piece of metal with a plastic-wrap handle.

¶3.     Henderson testified that the shank was not his. He said that someone placed the shank under his mat while he was taking a shower and using the telephone. The jury disagreed and found him guilty of possession of contraband.

## DISCUSSION

¶4.     Here, Henderson's appellate counsel complied with the requirements set forth in *Lindsey*. *See id.* at 748 (¶18). Henderson's appellate counsel stated that she reviewed the following: (a) the circumstances surrounding Henderson's arrest; (b) any possible violation of Henderson's right to counsel; (c) the entire trial transcript and contents of the record; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; (i) the indictment and all of the pleadings in the record; (j) any possible ineffective-assistance-of-counsel issues; and (k) whether the verdict was supported by the overwhelming weight of the evidence. After examining the record, she found no arguable issues for appeal. Our independent and thorough review of the record has not revealed any arguable issues that would warrant reversal. *See Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). Accordingly, we affirm Henderson's conviction and sentence.

2

¶5.	**AFFIRMED.**

   **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**